Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 623-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HUGO CANTON | ) Case No. **SACV09-763 MLG** |
| | ) |
| Plaintiff, | ) **FIRST AMENDED COMPLAINT** |
| | ) **FOR VIOLATION OF FEDERAL** |
| vs. | ) **FAIR DEBT COLLECTION** |
| | ) **PRACTICES ACT, ROSENTHAL** |
| NCO FINANCIAL SYSTEMS, INC. | ) **FAIR DEBT COLLECTION** |
| AND CAPITAL ONE FINANCIAL | ) **PRACTICES ACT, AND** |
| CORPORATION | ) **INVASION OF PRIVACY** |
| | ) |
| Defendants. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of

practices. Ancillary to the claims above, Plaintiff further alleges claims for invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Hugo Canton ("Plaintiff"), is a natural person residing in Orange county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4. At all relevant times herein, Defendants, NCO Financial Systems, Inc. and Capital One Financial Corporation, ("Defendants") were companies engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendants regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendants contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendants' conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a). Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code § 1788.13(j));

b). Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including sending a lawsuit threat to my client during the 30 day period(§ 1692g(b));

c). Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, (§ 1692e(5));

d). Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including after 9:00 pm and on a holiday (§ 1692c(a)(1));

e). Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including sending a dunning letter on NCO's letterhead giving my client 30 days to request validation and then sending a letter threatening to file lawsuit on Capital One's letterhead three weeks

later (§ 1692e(10);

f). Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

g). Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

h). Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e));

i). Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f)).

6. Defendants' aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

7. Defendants' aforementioned disclosure of facts regarding Plaintiff's debt to third parties constitutes a public disclosure of a private fact not of legitimate public concern. Defendants' disclosures were highly offensive to a reasonable person.

8. As a result of the above violations of the FDCPA, RFDCPA and

invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

9. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A. Declaratory judgment that Defendants' conduct violated the FDCPA;
    B. Actual damages;
    C. Statutory damages;
    D. Costs and reasonable attorney's fees; and,
    E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

11. To the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A.    Declaratory judgment that Defendants' conduct violated the RFDCPA;

    B.    Actual damages;

    C.    Statutory damages for willful and negligent violations;

    D.    Costs and reasonable attorney's fees,

    E.    For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

12.    Plaintiff reincorporates by reference all of the preceding paragraphs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A.    Actual damages

    B.    Punitive Damages; and,

    C.    For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 13th day of July, 2009.


By: _s/Todd M. Friedman_
TODD M. FRIEDMAN (216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 623-0228
tfriedman@attorneysforconsumers.com
**Attorney for Plaintiff**